1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

8  | **HEATH GARCIA and VALERINE**
9  | **GARCIA**,                              | **CASE NO.**
   |                    **Plaintiffs**,
10 | v.                                       | **PLAINTIFFS' COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS, PERSONAL INJURIES AND DAMAGES**
11 | **ISLAND COUNTY, a county of the State of Washington; ROBERT MIRABAL, an Island County Deputy;**
12 |
13 | **MICHAEL HAWLEY, an Island County Deputy,**
14 |                    **Defendants**.
15 |                                           | **JURY DEMAND**
16
17
18
19

20    Plaintiffs, HEATH GARCIA and VALERINE GARCIA, by and through their attorneys,

21 JAY H. KRULEWITCH and JOHN-PAUL GUSTAD, hereby state and allege as follows:

22                          **I.  JURISDICTION AND VENUE**

23    1.1    This court has original jurisdiction over Plaintiffs' claims brought under 42

24 U.S.C. Section 1983 pursuant to 28 U.S.C., Section 1331 and 1343(a)(3).  This court has

25 jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C., Section 1367(a).

26    1.2    Venue is properly located in Western Washington under 28 U.S.C. Section

27 1391(b). The incidents complained of in this complaint occurred in Island County, Washington.

28

**COMPLAINT FOR DAMAGES - 1**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

1.3     Plaintiffs have properly complied with RCW 4.96.020, the Notice of Claim statute for claims being brought against a County or Municipal Entity.

## II. PARTIES

2.1     Plaintiffs Heath Garcia and Valerine Garcia, husband and wife, at all times material to this cause of action, were residents of Oak Harbor, in Island County, Washington.

2.2     Defendant Island County is a lawful political subdivision or entity in the State of Washington.

2.3     Defendant Robert Mirabal is an Island County Deputy Officer and, at all times material to this cause of action, was acting within the course and scope of his employment, pursuant to the policies of Island County, and under color of state law.

2.4     Defendant Michael Hawley is an Island County Deputy Officer and Lieutenant and, at all times material to this cause of action, was acting within the course and scope of his employment, pursuant to the policies of Island County, and under color of state law.

## III. FACTUAL BACKGROUND

3.1     On September 17, 2017, the Island County Sheriff's Department responded to a barricaded civilian situation involving a suicidal person at the home of Nicholas K. Perkins. Mr. Perkins was despondent over a family law situation and other related issues, had been drinking, was armed, barricaded in his bedroom, and apparently suicidal.

3.2     Such mental health crisis calls to police are common, and it is known and foreseeable that such incidents can result in violations of civil rights, unreasonable seizures and physical danger and injury to persons involved if not handled by properly trained and supervised officers.  Knowing this, in 2010 Island County's policymaking officials eliminated the Special Weapons and Tactics (SWAT) team it had relied on to respond to such calls, and then failed to adequately prepare and train any other group to respond to such incidents.  This foreseeably led to the grossly negligent and reckless actions of the Island County officers and the unreasonable seizure of, and injuries to, Plaintiff Heath Garcia which are described below.

3.3     Plaintiff Heath Garcia was informed of this situation by Navy personnel and knew Mr. Perkins.  After speaking with Navy personnel, Mr. Garcia then went to the scene to offer assistance to the Island County law enforcement officers ("Island County Officers") who had responded to this situation.

**COMPLAINT FOR DAMAGES - 2**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

3.4     Upon arriving at the scene, the home of Mr. Perkins, Mr. Garcia contacted Island County Officers and explained that he knew Mr. Perkins and could assist with this situation if needed.

3.5     The officers gave Mr. Garcia approval and authorization to go into the home to speak to Chief Perkins.  Mr. Garcia entered Chief Perkins' home openly and in full view of the Island County Officers on the scene including  Lieutenant Hawley, the scene commander, and with their permission and encouragement.

3.6     As a result of their enlistment of Mr. Garcia's assistance, the Island County officers and supervisors owed him a duty of care.

3.7     The Island County officers and supervisors breached that duty and were reckless and negligent in numerous respects and thereby increased the danger to Mr. Garcia, including, but not limited to the following:

3.7.1     They failed to involve adequately trained negotiators or other professionals trained in response to such situations.

3.7.2     They allowed untrained and unarmed persons to enter the house of an armed, barricaded suicidal subject, Mr. Perkins, which was grossly negligent and reckless.

3.7.3     When Mr. Garcia nonetheless was able to coax Mr. Perkins from his house, unarmed, they had no reasonable plan for how to respond and had failed to fall back as Mr. Garcia asked and Defendant Hawley had agreed to do.  As a result, shortly after Mr. Perkins stepped out the door with Mr. Garcia, Mr. Perkins heard and saw one or more of the Island County officers close by the house, retreated back to the doorway of his house, and armed himself.

3.7.4     Despite the Defendants' negligence, Mr. Garcia was able to persuade Mr. Perkins to leave his house a second time.  After exiting the house, Mr. Garcia was able to incapacitate Mr. Perkins by grabbing ahold of him.  But when he did so, two of Island County's negligently trained and supervised officers rushed at and seized both Mr. Garcia and Mr. Perkins by tackling them to the ground.  One of the officers, Defendant Mirabal, unreasonably and recklessly did so with a high-powered rifle slung around his body.  As Defendant Mirabal and Mr. Perkins struggled, the rifle fired several times, one shot grievously wounding Mr. Garcia.

**COMPLAINT FOR DAMAGES - 3**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

3.8     Another officer then ran up and shot and killed Mr. Perkins in front of Plaintiff Heath Garcia.  Mr. Garcia was screaming for assistance and ended up having to apply a tourniquet to his own leg, where he had been wounded by a bullet from Deputy Mirabal's rifle.

3.9     The gunshot from Deputy Mirabal's rifle caused massive damage to Mr. Garcia's right ankle, foot and leg.  In addition, Mr. Garcia was further traumatized by watching his friend Mr. Perkins endangered and finally shot and killed as a result of the Defendants' reckless conduct.

3.10     As a direct and proximate result of the above-described wrongful and dangerous actions of the Defendants, Plaintiff Heath Garcia has suffered a variety of injuries and damages including, but not limited to substantial pain and suffering, multiple surgeries, a long period of rehabilitation for his surgically reconstructed ankle, foot and leg, permanent disfigurement, disability, and loss of the ability to enjoy life. In addition to the physical injuries that Mr. Garcia suffered, he also suffered, and continues to suffer from, a range of other injuries and damages including medical and other expenses, psychological harm, mental anguish and extreme emotional distress. In addition, Mr. Garcia suffered the loss of his chosen occupation when he was medically separated from the U.S. Navy and thereby lost income and benefits and suffered emotional distress as a proud service member of the U.S. Navy who was forced to retire long before he ever planned to.

3.11     As a result of the wrongful actions and omissions of the Island County Sheriff's Office and the above-named officers, Plaintiff Valerine Garcia, the wife of Heath Garcia, has also suffered damages as a result of this incident, including, but not limited to loss of services and consortium and emotional distress of witnessing the suffering of her husband from the above described injuries and losses.

## IV.   FIRST CAUSE OF ACTION: STATE CREATED DANGER

4.1     The above described actions of the Defendants Hawley and Mirabal and Island County created a danger that Plaintiff Heath Garcia would be seriously injured or killed that would not have existed but for the Defendants' actions.  This was a proximate and foreseeable result of Island County's deliberate decision not to properly train and supervise officers in the response to barricaded, suicidal subjects, which were known to create such dangers.

**COMPLAINT FOR DAMAGES - 4**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

4.2     In creating this danger, Defendants Island County, Mirabal, and Hawley were all deliberately indifferent to the known risk that Mr. Garcia and/or others similarly situated would be injured or killed.

4.3     In doing so, Defendants Island County, Mirabal, and Hawley caused Mr. Garcia to be deprived of liberty without due process of law, in violation of his rights under the Fourteenth Amendment to the Constitution of the United States.

4.4     As a consequence, Defendants Island County, Mirabal, and Hawley are all liable under 42. U.S.C. Section 1983 to Plaintiff Heath Garcia for all damages proximately caused to him by their unconstitutional actions, and to Valerine Garcia for the resulting loss of his services and consortium.

4.5     Because Defendants Mirabal and Hawley acted with deliberate indifference to Mr. Garcia's life and safety, they are liable for punitive damages on this claim.

**V. SECOND CAUSE OF ACTION:  UNREASONABLE SEIZURE**

5.1     The above described actions of Defendant Mirabal constitute an unreasonable seizure of the person of Plaintiff Heath Garcia in violation of his rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.  These actions were a proximate and foreseeable result of Island County's deliberate decision not to properly train and supervise officers in responding to barricaded, suicidal subjects, which were known to create a high risk of such dangerous and unreasonable seizures.

5.2     As a consequence, Defendants Island County and Mirabal are liable under 42. U.S.C. Section 1983 to Heath Garcia for all damages proximately caused by his unconstitutional actions, and to Valerine Garcia for the resulting loss of his services and consortium.

5.3     Because Defendant Mirabal acted recklessly and with deliberate indifference to Mr. Garcia's life and safety, he is liable for punitive damages on this claim.

**VI.   THIRD CAUSE OF ACTION: OUTRAGE**

6.1     The above described actions of the agents of Defendant Island County were outrageous and caused Heath Garcia great emotional distress.

6.2     Defendant Island County is therefore liable to Plaintiff Heath Garcia for the tort of outrage, and to Valerine Garcia for the resulting loss of his spousal services and consortium.

**COMPLAINT FOR DAMAGES - 5**

## VII.   FOURTH CAUSE OF ACTION: NEGLIGENCE

7.1     The above described actions of the agents of Island County created a duty of care to Plaintiff Heath Garcia.

7.2     The above described actions of the agents of Island County breached that duty of care and were reckless and grossly negligent.

7.3     As a direct and proximate result of the grossly negligent and wrongful actions and omissions of the agents of Island County, Plaintiff Heath Garcia suffered severe and substantial physical injuries and other related damages as outlined above, and Plaintiff Valerine Garcia suffered the loss of his spousal services and consortium.

7.4     Island County is therefore liable to Plaintiffs for the tort of negligence.

## VIII. PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

1.     Full compensatory damages for both Plaintiffs from all Defendants;

2.     Punitive damages against Defendants Mirabal and Hawley;

3.     Attorney's fees and costs as allowed under 42 U.S.C. Section 1988 or any other applicable provision of law;

4.     Costs and expenses, including costs as allowed under 42 U.S.C. Section 1988; and

5.     Such other and further relief as the court deems just and equitable.

**COMPLAINT FOR DAMAGES - 6**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

Dated this 2nd day of September, 2020.

1

2                                          JAY H. KRULEWITCH, ATTORNEY AT LAW

3                                          s/Jay H. Krulewitch
4                                          Jay H. Krulewitch, WSBA #17612
                                           Attorney for Plaintiffs Heath and Valerine Garcia
5

6                                          GUSTAD LAW GROUP

7
                                           s/John-Paul Gustad
8                                          John-Paul Gustad, WSBA #31255
9                                          Attorney for Plaintiffs Heath and Valerine Garcia

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES - 7**